UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAMON GUTIERREZ,

                Petitioner,

v.                                              9:19-CV-0841
                                                (GTS/ATB)

JAMIE LaMANNA *et al.*,

                Respondent.
_____

APPEARANCES:                                  OF COUNSEL:

RAMON GUTIERREZ
Petitioner pro se
09-A-3702
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

Petitioner Ramon Gutierrez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York ("Southern District"), as well as a memorandum of law in support of said petition. Dkt. No. 1, Petition ("Pet."); Dkt. No. 2, Memorandum of Law. On May 28, 2019, the Southern District issued an order transferring the petition to the Second Circuit to determine whether petitioner was permitted to file a successive habeas petition. Dkt. No. 3, Transfer Order dated 05/28/19.

On July 1, 2019, the Second Circuit determined that petitioner's proposed § 2254 petition was not a successive petition because a new judgment had been issued, in May

2019, after the filing of his first habeas petition. Dkt. No. 4, Order. The Order noted that the Second Circuit had consolidated two cases together for purposes of its opinion. *Id.* Ultimately, the case was transferred back to the Southern District. *Id.* On July 9, 2019, the Southern District transferred the action to this Court. Dkt. No. 5, Transfer Order; Dkt. No. 6. It is presently pending before the undersigned for an initial review. For the foregoing reasons, the petition is dismissed.

To commence a habeas corpus action, a petitioner must pay the court's filing fee or submit a properly certified application to proceed *in forma pauperis* ("IFP Application").[1] Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); *see also* Rule 1(b), Habeas Rules (stating that the Habeas Rules may be applied "to a habeas petition not covered by Rule 1(a)."). Petitioner has failed to provide either an IFP Application or the statutory filing fee. Accordingly, the case must be closed unless or until an IFP Application is granted or the filing fee is remitted. However, petitioner should not be directed to do either given the duplicative nature of his petition.

It is well-settled that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."). "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation.'" *Curtis*, 226 F.3d at 138 (quoting *Kerotest*

---

[1] The proper filing fee for a habeas corpus petition is $5.00. 28 U.S.C. § 1914(a).

*Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). "The doctrine is also meant to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" *Id.* (quoting *Adam v. Jacob*, 950 F.2d 89, 93 (2d Cir. 1991)). The district court has broad discretion in determining whether an action should be dismissed as duplicative, and the exercise of this power is reviewed by the Court of Appeals for abuse of discretion. *See generally Lopez v. Ferguson*, 361 Fed. App'x 225, 226 (2d Cir. 2010) (affirming dismissal of action as duplicative of a pending class action as to which plaintiff fell within the certified class).

In this case, petitioner's pending petition is duplicative. On the same day this action was transferred, this Court received a second action, also transferred from the Southern District, involving the same petitioner and one of the same respondents. *See Gutierrez v. LaManna*, No. 9:19-CV-0847 (GLS/ATB) ("*Gutierrez II*"). The petitions in both proceedings were identical, and the memorandums of law were practically identical.[2] *Compare* Pet. & Dkt. No. 2 *with Gutierrez II*, Dkt. No. 2, Petition, & Dkt. No. 3. This Court also notes that the same Second Circuit Order was included in both cases, indicating that the underlying actions filed in the Southern District were the ones which were consolidated by the Second Circuit prior to issuing its order. *Compare* Dkt. No. 4 *with Gutierrez II*, Dkt. No. 8. Further, in both actions, petitioner contends that he is entitled to immediate release. *Compare* Pet. at 16 *with Gutierrez II*, Pet. at 16. Accordingly, a review of the present petition filed in this action reveals that it seeks to challenge the same conviction, names the same respondent, and

---

[2] It appears that the memorandum of law included with *Gutierrez II*, there were two additional pages included which appeared to complete an exhibit that was truncated in the memorandum of law filed in the instant case. *Compare* Dkt. No. 2 at 122-123 *with Gutierrez II*, Dkt. No. 3 at 122-25.

3

requests the same relief as *Gutierrez II*.

Petitioner is advised that he **may not** file multiple petitions challenging the same conviction. Rather, he must allow the action filed as *Gutierrez II* to proceed to a determination of its merits. In the event petitioner has additional grounds to add to his original petition in *Gutierrez II*, he shall make a motion to amend the petition in *Gutierrez II*. Accordingly, this action will be dismissed.

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED** without prejudice as a duplicate of petitioner's pending petition in *Gutierrez II*, 9:19-CV-847; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

Dated: July 19, 2019

Hon. Glenn T. Suddaby
Chief U.S. District Judge